# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Porter, #308868 | ) |
| Petitioner, | ) |
| | ) C.A. No.: 8:09-CV-00608-PMD |
| v. | ) |
| Warden of Lee Correctional Institution, | ) **ORDER** |
| Respondent. | ) |

This matter is before the court on Petitioner Donald Porter's ("Petitioner") *pro se* application for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2254 on March 6, 2009.[1] On August 27, 2009, Respondent filed a motion for summary judgment. Petitioner filed a response in opposition to Respondent's motion for summary judgment on October 29, 2009. On December 15, 2009, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that Respondent's motion for summary judgment be granted and Petitioner's habeas corpus petition be dismissed. Petitioner filed an Objection to the R&R on December 23, 2009. Having reviewed the entire record, including Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner is currently confined at Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Petitioner was indicted in May of 2004 on five counts of a lewd act upon a child and one count of criminal sexual conduct with a minor first degree.

---

[1] Filing date per *Houston v. Lack*, 487 U.S. 266, 270-76 (1988).

Petitioner was represented by David B. Tarr, Esquire, and on April 25, 2005, Petitioner pled guilty to all charges. Petitioner was sentenced to twenty-three years on the criminal sexual conduct charge and five years on each of the five lewd act charges, to be served concurrently. Petitioner did not file a direct appeal.

On November 4, 2005, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court raising the following grounds for relief:

1. I did not commit these crimes;

2. I was told by attorney that I didn't have [sic] chance to win a jury trial because of the charges.

In a separate document, Petitioner also alleged the following:

3. My attorney hired an investigator, but all he did was talk to character wittness [sic], he did not investigate properly;

4. My attorney only came to see me 8 times in over a year only 2 or 3 times was over 30 mins.;

5. Found out later by my attorney that Solicator [sic] offered 10 years;

6. Then my attorney told me he had it worked out with the judge about sentencing no more than 15 yrs.;

7. With all the media involved in this I didn't stand a chance.

On December 8, 2006, an evidentiary hearing was held at which Petitioner was represented by Charlie J. Johnson, Jr., Esquire. On December 8, 2006 the hearing was continued and reconvened on January 11, 2007. On April 16, 2007, the PCR judge entered a written order denying relief and dismissing the APCR.

Petitioner timely filed an appeal of the denial of his APCR. Petitioner was represented by Wanda H. Carter, Deputy Chief Appellate Defender with the South Carolina Commission on

Indigent Defense. On January 18, 2008, appellate counsel filed a petition for writ of certiorari in the Supreme Court of South Carolina raising the following issues:

1. Trial counsel erred in failing to adequately advise petitioner regarding sentencing consequences in this case.

2. The PCR court erred in denying petitioner's allegation that he did not voluntarily and knowingly waive his right to a direct appeal in the case.

3. Trial counsel erred in failing to communicate to petitioner the state's plea offer made in the case.

On November 19, 2008, the South Carolina Supreme Court denied the Petition and issued the Remittitur on February 20, 2009.

Petitioner filed his *pro se* habeas petition on March 6, 2009, in which he asserts the following grounds for relief:

**Ground One:** Did not fully understand the deal on the 15 year agreement.

Supporting Facts: Trial lawyer told me he had it worked out with Judge where I would only get 15 years & not have to spend the rest of my life in prison. In fact when I was being sentence[d] I was asked if I was promised anything I didn't know how to answer my lawyer said to me that . . . was I being promised anything by the State (Solicitor) not the Judge so I should answer "no."

**Ground Two:** Was not made aware of a[n] offer for 10 years to plea.

Supporting Facts: was told by wife & mother about the Solicitor making a 10 year offer. I asked my lawyer about this & he told me he already told them no because . . . I already said we was [sic] going to trial (because I kept saying we was [sic] going to trial).

**Ground Three:** Didn't know I could appeal the sentencing.

Supporting Facts: Did not know I could appeal the sentencing, because I thought if I plead guilty, which I did my lawyer told me if I didn't I would go to prison for the rest of my life regardless, because of the charges against me & nobody would believe me, so once I plead I thought that was it & my trial lawyer said I couldn't appeal.

**Ground Four:** My lawyer stated he have [sic] a conflict of interest.

Supporting Facts**:** At first my lawyer told me he had to figure out if he would have a conflict of interest because his child would go to one of the schools and might get teased or pick [sic] on, then at PCR hearing lawyer said the conflict was because eventually all the supposedly victims & his child would filter into the same school, but it was his decision to make not mine.

**Ground Five:** My lawyer did not try to fight the confession I was tricked into signing.

Supporting Facts**:** I found out from my PCR lawyer that my trial lawyer could have fought the confession I was tricked into signing. Because the way they got me to sign the paper. The police officers told me I was signing a paper to allow me to leave department and go home. This was brought up during my PCR hearing on December 8, 2006 & January 11, 2007 as was the rest of my PCR it was dismissed on April 16, 2007. Was not brought up to State Supreme Court be [sic] lawyer doing the petitioner for writ of certiorari said the decision was hers of what to send & not to send.

Respondent moved for Summary Judgment on August 27, 2009. Petitioner filed a response in opposition to Respondent's motion for summary judgment on October 29, 2009. The Magistrate Judge recommended to this Court that Respondent's Motion for Summary Judgment be granted and Petitioner's Habeas Corpus Petition be dismissed.

## STANDARD OF REVIEW

**A.** **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

B.  **Section 2254 Petitions**

The court may grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). As "a determination of a factual issue made by a State court shall be presumed to be correct," Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362 (2000).

C.  **Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the

5

R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## ANALYSIS

I. **Grounds Two, Three, Four and Five of Petitioner's Habeas Claim**

The court only reviews *de novo* those portions of the R&R that have been specifically objected to, and Petitioner does not object to the Magistrate Judge's findings with respect to Grounds Two, Three, Four and Five of Petitioner's habeas claim. After reviewing the record, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law with respect to these grounds. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

II. **Ground One of Petitioner's Habeas Claim**

In Ground One of Petitioner's Habeas Corpus Petition, Petitioner claims that he did not understand the fifteen-year agreement and that trial counsel was ineffective for failing to explain the sentence. At the PCR hearing, trial counsel testified that he had telephone conference call with the solicitor and the plea judge and discussed the Petitioner pleading guilty and the possible sentence. (R. p. 101). Trial counsel testified that "we told the judge everything all the facts that were going to come out and I suggested at that time that I felt like 15 years my client would probably plea if he thought he was going to get that, I thought that was an appropriate sentence . . . [the solicitor] said he probably thought so too. And Judge Barber said his [ex]act words were I think 15 is sufficient. I told my client that I talked to the judge, I explained everything to him. He thought that 15 was probably sufficient. He wanted to hear everything in the courtroom but I told him that we had discussed everything that I thought would come out in the courtroom and eventually nothing else did come out. We got in there and Judge Barber without, without, ever

saying anything to me gave him 23 years. And I was, I was, in shock." *Id.* Trial counsel also testified that he did not think that the 23 year sentence was an appealable issue because there had not been any promise or agreement to a fifteen-year sentence—"it was nothing that was on the record, it was not a promise, it wasn't a contract with the state . . . [the judge] agreed with me that 15 was probably sufficient . . . that's the extent of that." (R. p. 102). Trial counsel testified that the plea was not negotiated and was a straight up plea. (R. p. 105). Petitioner testified that he would not have pled guilty if he had been told he might be sentenced to more than fifteen years. (R. p. 75).

The PCR court analyzed Petitioner's claims using an ineffective assistance of counsel analysis and the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). "First, the Applicant must prove that counsel's performance was deficient . . . [s]econd, counsel's deficient performance must have prejudiced the Applicant such that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (R. p. 110). "With respect to guilty plea counsel, [Petitioner] must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial." (R. pp. 110-11) (citing *Hill v. Lockhard,* 474 U.S. 52 (1985)). The PCR court then found Petitioner's claim that he pled guilty in reliance on receiving a 15 year sentence to be without merit.

> Applicant presented no testimony that a fifteen (15) year offer was made and made no showing of anything done in reliance of the offer. Counsel testified that fifteen (15) years was discussed but no offer was made. Counsel testified that Applicant pleaded guilty "straight-up" and new [sic] that no offer was made. Accordingly, this allegation is denied and dismissed.
> (R. p. 111)

The Magistrate Judge also analyzed Petitioner's claim under *Strickland's* two-prong test for ineffective assistance of counsel and found Petitioner's claim to be without merit. The

Magistrate Judge found that "the transcript of the guilty plea shows that the Petitioner was clearly advised by the plea judge of the potential sentence he faced." R&R, p. 11. The plea judge told Petitioner that he was facing 30 years on the criminal sexual conduct with a minor charge and was facing 15 years on each of the five lewd act upon a minor charge, for a total of 105 years, and Petitioner responded that he understood the possible sentences he was facing. (R. pp. 5-6). The plea judge also asked Petitioner if the state or anyone else promised Petitioner anything other than for his sentences to run concurrently, and Petitioner responded that no other promises were made. (R. p. 11). The Magistrate Judge then found that based on the evidence as described above, the PCR Court's decision dismissing Petitioner's APCR was not contrary, nor an unreasonable application of, clearly established federal law, nor was the PCR Judge's decision based upon an unreasonable determination of facts in light of the state court record. Therefore, the Magistrate Judge recommends dismissing Petitioner's Ground One claim.

Petitioner objects to the Magistrate Judge's findings with respect to Ground One of Petitioner's habeas claim. Petitioner reiterates his argument that he believed that he was facing a 15 year sentence and that he believed 15 years to be an actual plea deal. Petitioner argues that his trial counsel was deficient in leading him to believe a 15 year plea deal was being offered. Petitioner also argues that he only told the plea judge that no promises were offered to him because his lawyer told him to respond with that answer.

The court finds Petitioner's objections to be without merit and finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

Petitioner claims that his plea was involuntary because of his trial counsel's ineffective assistance in representing to Petitioner that he would receive a 15 year sentence if he pled guilty.

8

As stated above, in order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In order to satisfy the second prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The court need not address the issue of whether or not Petitioner's counsel's performance was objectively deficient, because Petitioner has failed to establish that he was prejudiced by his counsel's allegedly deficient performance. As detailed above, the plea judge explicitly put Petitioner on notice of the charges against him and the possible penalties. Petitioner represented that he was knowingly and voluntarily pleading guilty to the charges against him. The trial judge ascertained that Petitioner understood the possible consequences in terms of the punishment/sentences he was facing, and Petitioner acknowledged that he understood them. A review of the transcript reveals no uncertainty about the effect of Petitioner's guilty plea or the possible sentences he was facing as a result. In addition, Petitioner clearly stated that no promises were made to the Petitioner by the state or anyone else besides the promise that his sentences would run concurrently.

Accordingly, since Petitioner has failed to show how he was prejudiced by trial counsel's alleged deficient performance, his claim for habeas relief due to ineffective assistance of counsel is without merit and fails as a matter of law.[2]

## III.    Certificate of Appealability

On December 1, 2009, the Rules Governing Section 2254 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th. Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

---

[2] *See Crocker v. McCall,* No. 4:07-cv-4011, 2009 WL 764432 (D.S.C. Mar. 19, 2009) (The fact that the sentence received by a defendant who pleads guilty upon the advice of counsel is higher than what is hoped for or expected may not form the basis for an ineffective assistance of counsel claim. *See, e.g.*, *Saylor v. Crawford*, 151 F.3d 1030 (4th Cir. 1998) (unpublished) (holding that where a defendant had pled guilty upon the instructions of her attorney, and received a more severe sentence than her attorneys told her was likely, this did not form the basis of a constitutional claim for ineffective assistance of counsel)).

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Respondent's motion for summary judgment is **GRANTED** and a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**February 5, 2010**
**Charleston, SC**